IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WILLIAM KNARR,

        Plaintiff,

        v.

JUDGE RYAN LUCKA,

        Defendant.

Case No. 6:26-cv-01291-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff David William Knarr seeks leave to proceed *in forma pauperis* in this action against Defendant Linn County Circuit Court Judge Ryan Lucka.[1] Pl.'s IFP Appl., ECF No 2; Compl., ECF No. 1.

The Court **DENIES** Plaintiff's request to proceed *in forma pauperis*, ECF No. 2. And the Complaint, ECF No. 1, is **DISMISSED** without leave to amend.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff avers he was "not allowed to present 'any' motions, affidavits, evidence, or even to speak and defend [himself]" before Defendant Judge Ryan Lucka. Compl., at 4. Plaintiff submits that Defendant "sided with" the D.A.'s office and denied his petition. *Id.* Plaintiff alleges he was "not allowed to even speak" in the proceeding; Defendant cut off Plaintiff, raised his voice, and threatened Plaintiff with contempt. *Id.* Plaintiff asks to have Defendant "held accountable;" for the

---

[1] Plaintiff brings claims under 42 U.S.C. § 1983. Compl., at 3. He also alleges various constitutional violations. *Id.*

1 – Opinion and Order

Court to grant his petitions; and to receive financial compensation "of the max amount allotted." *Id.* at 5.

## <u>LEGAL STANDARD</u>

Courts have broad discretion whether to grant an *in forma pauperis* application. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a)(1); *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369–70 (9th Cir. 1987).

Courts must also screen an applicant's complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 29 U.S.C. § 1915(e)(2)(B). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370 (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962)). A frivolous complaint is one without any "arguable substance in law or fact." *Id.* (quoting *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)).

When screening a civil rights complaint under 29 U.S.C. § 1915(e)(2)(B), the court will afford a *pro se* plaintiff "the benefit of any doubt." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882–83 (9th Cir. 1991) (quoting *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)).

Unless it is "absolutely clear" that leave to amend is futile, a self-represented litigant must receive notice of the complaint's deficiencies and be given an opportunity to cure before dismissal. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## <u>DISCUSSION</u>

Upon screening, it is apparent Plaintiff's Complaint is frivolous and seeks monetary relief

from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

Section 1915 requires a court to dismiss an action when the defendant is entitled to immunity. *Chavez v Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). "Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal." *Id.*

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)). Judicial immunity is also an immunity "from suit." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judicial immunity survives allegations of malice, corruption, or bad faith. *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Plaintiff takes issue with how Defendant managed his proceeding, how Defendant spoke to him, and the actions Defendant took as a judicial officer. Defendant is thus entitled to absolute judicial immunity from liability arising from judicial acts he performed in his judicial capacity in the course of Plaintiff's proceedings before him.

And to the extent Plaintiff's state criminal proceedings are ongoing, this action is barred by *Younger v. Harris*. 401 U.S. 37 (1971). "*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n.4 (9th Cir. 2004) (citation omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Absent here are any "extraordinary circumstances" that might uproot the "strong federal policy against federal-court interference with pending state judicial proceedings." *Gilbertson v. Albright*, 381 F.3d 965,

973 (9th Cir. 2004) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

## <u>CONCLUSION</u>

Plaintiff's petition to proceed *in forma pauperis*, ECF No. 2, is **DENIED**. Because leave to amend would be futile, Plaintiff's Complaint, ECF No. 1, is **DISMISSED** without leave to amend.

IT IS SO ORDERED.

DATED this 4th day of August 2026.

s/Michael J. McShane
Michael McShane
United States District Judge
